UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:14 CR 196 |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| SBEIH SBEIH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant, Sbeih Sbeih's Motion for Release on Bond Pending Trial. (ECF #68).  The Government filed an opposition, and Mr. Sbeih filed a further response in support of his request.  (ECF #69, 70).  Mr. Sbeih was indicted in 2014 on five counts including money laundering, conspiracy to defraud the IRS, and making and subscribing false income tax returns.  (ECF #1).  He was in Israel visiting family when he learned of the charges, and filed a motion to continue his arraignment to allow him to regain an Israeli ID card before leaving Isreal to return to the United States to face his charges.  (ECF #3).  That motion sought a continuance until June 6, 2014.  (Id.)  The arraignment was postponed until June 25, 2014, at which time Mr. Sbeih failed to appear.  He has now been avoiding prosecution for nearly twelve years.

The reason Mr. Sbeih originally gave for failing to return to the United States was that he wanted to preserve his ability to eventually return to Israel.  This reasoning was no longer applicable as of November 28, 2016, more than nine years before his eventual arrest.  He received

his permanent residence status in Israel on that date, and continued to travel around the world, but chose not to return to the United States to face the charges against him.

While overseas, and while actively and voluntarily choosing not to return to the United States to face prosecution, Mr. Sbeih attempted to contest the civil forfeiture of multiple bank accounts used to launder the money obtained through the illegal conspiracy which is the basis for the indictment in this case.  During those proceedings, the Court found that he was unable to contest the forfeiture under the Fugitive Disentitlement Statute because: "Mr. Sbeih has made a conscious choice not to reenter the United States for the purpose of avoiding prosecution." *United States v. $525,695.24 Seized from JP Morgan Chase Bank Inv. Acct. #XXXX8415*, 418 F. Supp.3d 207, 209 (N.D. Ohio, Oct. 30, 2019). During those proceedings, Mr. Sbeih proffered yet another reason why he could not return, which was that he needed until March 31, 2020 to pursue Israeli residency appeals for his wife and children, after which time he vowed to return promptly to the United States.  See, *Id.* at 213.The Court found this excuse to be unpersuasive, however, even if it had been accepted as truth, Mr. Sbeih continued to avoid prosecution for another six years following the last date on which he promised to return.

Now, nearly twelve years after his indictment, nine years after his first excuse was resolved, and six years after the resolution of his last purported barrier, Mr. Sbeih still did not voluntarily return to face his prosecution.  He now claims that the residency issues in Israel were not resolved until some unspecified date in 2024, but offers no explanation why, even then, after two years he still did not return.  Rather, while traveling outside of Israel on vacation, he was arrested in the country of Georgia, and extradited to the United States.

The Bail Reform Act requires detention upon a finding that "no condition or combination

2

of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §3142(e)(2). Title 18 U.S.C. §3142 sets forth the factors a court should consider when determining whether there are "conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," or whether detention is warranted. These include:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. §3142(g).

The nature and circumstances of the charged offense is that Mr. Sbeih is accused of

3

assisting his co-defendant in laundering money from illegal sales of prescription drugs, and diverting income to avoid payments to the IRS. There is significant evidence that Mr. Sbeih was involved in laundering large sums of money and evading taxes by hiding money from the government. Mr. Sbeih, through his prolonged refusal to come to the United States to face charges has made abundantly clear that his strongest family and community ties are in Israel, and that he has no connection to Ohio that would ensure his continued presence in this jurisdiction. Further, his serial justifications for not returning to face charges, show that he does not view the proceedings in this jurisdiction as a matter of importance, and that he has been able to live a full life, with his famiy, while avoiding of these charges in Israel. This provides a strong incentive for him to attempt to return to Isreal, where there is no clear extradition expectation for the financial crimes at issue, and to avoid facing charges here in Ohio.

The suggestion that his health issues preclude flight are not credible. There are no health conditions presented that would prevent Mr. Sbeih from traveling within the country or overseas. The fact that he was arrested while traveling overseas only reinforces the conclusion that while he may face discomfort as a result of his alleged health conditions, they are not severe enough to prevent him from fleeing this jurisdiction. Further, neither monitoring nor the issuance of a bond would be sufficient to ensure that Mr. Sbeih appears for all proceedings and stays within this jurisdiction. Mr. Sbeih accumulated a great deal of wealth through his pharmacies and has demonstrated a commitment to remain with his family in Israel at great cost, including by surrendering his ability to challenge the forfeiture of multiple bank accounts. Therefore, the posting of a bond, especially one secured by a relative's house, would be no guarantee that Mr. Sbeih will remain in the jurisdiction pending trial. Finally, while the lack of a United States

4

passport may make fleeing the country more difficult, it does not eliminate the risk considering Mr. Sbeih's overseas connections and long term ties.  Further, Mr. Sbeih could flee the jurisdiction without immediately leaving the country if he is, as he has previously demonstrated, seeking to avoid prosecution under this indictment.

The Court, therefore, finds that Mr. Sbeih has a high risk of non-appearance,  and there is no condition of combination of conditions that could adequately assure his appearance going forward.  Mr. Sbeih's Motion for Release on Bond Pending Trial is, therefore, DENIED.  (ECF #68).  IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: April 16, 2026

5